**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JULIE SANCHEZ,

*Plaintiff*,

v.

ERIC THORNE, et al.,

*Defendants*.

Case No. 26-4017-EFM-ADM

**MEMORANDUM AND ORDER**

Before the Court are several motions filed by pro se Plaintiff Julie Sanchez.[1] Plaintiff's motions include:

1. an "Emergency Motion: Recognition of Next Friend, Appointment of Counsel, Medical Transfer, and Leave to File Medical Records Under Seal" filed March 17, 2026 (Doc. 24);

2. an "Emergency Omnibus Motion: Objection to Dismissal, Recognition of Next Friend, Appointment of Counsel, and Notice of Systemic Mail Interference" filed March 25, 2026 (Doc. 25);

3. a "Motion to Amend/Vacate No Contact Order" filed April 8, 2026 (Doc. 27);

4. an "Emergency Motion for Reconsideration and Relief From Judgment" filed April 8, 2026 (Doc. 28);

5. a "Motion to Reopen Case" filed April 8, 2026 (Doc. 29);

6. a "Motion for Service by U.S. Marshals" filed April 14, 2026 (Doc. 34); and

[1] Because Plaintiff proceeds pro se, the Court holds her pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se litigant is entitled to a liberal construction of her pleadings. *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). But it is not the proper role of a district court to "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

7. an "Amended Emergency Omnibus Motion: Notice of Fraud Upon the Court, Coordinated Retaliation, and Demand for Immediate Production of Evidence" filed May 18, 2026 (Doc. 35).

Plaintiff's seven motions stem from the Court's order adopting Magistrate Judge Angel D. Mitchell's Report and Recommendation ("R&R") and dismissing her case. For the reasons explained below, the Court denies Plaintiff's motions and imposes future filing restrictions on her.

## I. Factual & Procedural Background

On February 6, 2026, Plaintiff brought this suit alleging various claims under 42 U.S.C. § 1983 purportedly on behalf of Jeffrey Wade Taylor. Mr. Taylor was an inmate at the Leavenworth County Jail and Justice Center at the time.[2] In her Complaint, Plaintiff alleges that Defendants violated Mr. Taylor's First, Eighth, and Fourteenth Amendment rights through deliberate medical indifference, fraudulent legal interference, and retaliation. Plaintiff names Leavenworth County Sheriff Andrew Dedeke, Jail Captain Eric Thorne, Leavenworth County Attorney Todd Thompson, District Court Administrator Steve Crossland, "Judge Lee, District Court Judge," "Sgt. Dedeke, Leavenworth County Jail (for Retaliation)" and "Judge Lowdon (Chief Judge)" as Defendants in the Complaint.

The Magistrate Judge issued a R&R on February 13, 2026, recommending dismissal of Plaintiff's case for lack of standing to sue as "next friend" of Taylor and giving Plaintiff 14 days to provide any written objections.[3] Plaintiff failed to provide written objections within the deadline. Thus, the Court adopted the R&R on March 13, 2026, and dismissed her case.[4]

---

[2] In her most recent motion, Plaintiff indicates that Mr. Taylor is no longer an inmate at Leavenworth, was later living in a sober living house in Salina, Kansas, and that "Arkansas picked him up" on May 11, 2026. *See* Doc. 35 at 7.

[3] Doc. 8.

[4] Doc. 22. Plaintiff also brought several motions for temporary restraining orders and preliminary injunctions shortly after her initial Complaint. The Court denied these motions as moot upon dismissal. Doc. 21.

Subsequently, Plaintiff filed the present seven motions in quick succession. Because each motion comes after this case's dismissal, the Court liberally construes Plaintiff's motions as motions to reconsider pursuant to Fed. R. Civ. P. 60.

## II. Legal Standard

The Court has discretion whether to grant a motion to reconsider.[5] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[6] Instead, a post-judgment motion to reconsider "may arise under . . . Rule 60(b) (relief from judgment for mistake or other reason)."[7] A party, however, may not use a Rule 60(b) motion to revisit the same issues already addressed and dismissed by the court or to introduce new arguments or supporting facts that were available when the party briefed the original motion.[8] Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances."[9] Thus, a party seeking relief under Rule 60(b) must overcome a high hurdle because such a motion is not a substitute for an appeal.[10]

---

[5] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[6] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[7] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (internal quotation marks and citation omitted).

[8] *Van Skiver*, 952 F.2d at 1243.

[9] *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (quoting *Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000).

[10] *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 (10th Cir. 2007) (citation omitted).

## III. Analysis

### A. Plaintiff's Motions

In her first motion, Plaintiff asks for formal recognition of her standing as "Next Friend" of Mr. Taylor. This request comes well after the 14-day deadline to object to the R&R. Regardless, while a "next friend" can bring an action on behalf of a another in limited circumstances,[11] pro se litigants such as Plaintiff may not bring "next friend" suits.[12] Accordingly, the Court denies Plaintiff's first motion.

Plaintiff's second motion concerns the Court's Notice of Case Opening dated February 6, 2026. Plaintiff states she did not receive the Notice until March 25, 2026, and argues the delay was caused by the gross negligence and potential intentional obstruction by a shelter in Leavenworth, Kansas, presumedly where Plaintiff was staying at some point.[13] She asks the Court to take judicial notice of the potential obstruction and reset all deadlines in this case. No response, however, is required to the Notice of Case Opening and Plaintiff's second motion has nothing to do with whether she has standing to represent Mr. Taylor as a "next friend." Accordingly, the Court denies Plaintiff's second motion.

Plaintiff's third motion seeks amendment or vacatur of a no contact order that appears to be between Mr. Taylor and Plaintiff as part of a case in the State of Arkansas so she can communicate with Mr. Taylor for "legal defense, administrative filings, and relocation plans." It

---

[11] *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990) (setting forth circumstances in which a "next friend" may become a party to the action").

[12] *See*, *e.g.*, *Bunn v. Perdue*, 966 F.3d 1094, 1098 (10th Cir. 2020) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others." (citations omitted)); *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) ("Because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause; rather, a person must be litigating an interest personal to him." (alterations, internal quotation marks, and citation omitted)).

[13] At various points in her motions, Plaintiff indicates she currently lives in a vehicle.

is unclear from the third motion whether Plaintiff seeks relief from this Court, or from the Arkansas court.[14] Assuming she seeks relief from this Court, Plaintiff cannot do so as Mr. Taylor's "next friend" because she proceeds pro se, as previously discussed. In addition, federal courts should abstain from deciding issues that would interfere with ongoing state criminal prosecutions.[15] Plaintiff fails to provide any grounds demonstrating that the Court should interfere with the Arkansas case. Accordingly, the Court denies Plaintiff's third motion.

Plaintiff's fourth motion seeks reconsideration of the Court's dismissal under Fed. R. Civ. P. 60(b)(2) and (3). In this motion, she makes several allegations including that Defendants are misappropriating her identity in the "Ghost Case" against Mr. Taylor, that a shelter engaged in "shadow service" concerning a signed subpoena for Plaintiff to attend Mr. Taylor's preliminary hearing, and that Defendants are "reprograming" Mr. Taylor to act against her, amongst others. None of Plaintiff's allegations have anything to do with whether Plaintiff has standing to represent Mr. Taylor as a next friend. Accordingly, the Court denies Plaintiff's fourth motion.

Plaintiff's fifth motion largely makes the same allegations as her fourth motion but also alleges that Defendant Todd Thompson, the Leavenworth County Attorney, and shelter staff collaborated to intercept the R&R to prevent Plaintiff from filing objections to it. Plaintiff attaches a USPS Tracking note showing that a Sherry Sullivan signed for the R&R's delivery on February 21, 2026. Plaintiff also attaches an email from an employee at Heartland Regional Alcohol & Drug

---

[14] Unlike Plaintiff's other motions denoting this case's caption and case number, she only includes "State of Arkansas vs. Jeffrey Wade Taylor/Julie Sanchez" as the case caption in her third motion.

[15] *See Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 669–70 (10th Cir. 2020) (discussing *Younger v. Harris*, 401 U.S. 37 (2020)) (further citations omitted).

Assessment Center in Mission, Kansas, that Plaintiff was not given her mail until March 25, 2026. Plaintiff filed objections to the R&R on April 9, 2026.[16]

In her objections to the R&R, Plaintiff asserts Defendants have violated *her* First and Fourteenth Amendment rights and that she has "legal standing because my identity has been stolen and forged by the State to maintain a fraudulent prosecution."[17] But Plaintiff purports to bring this suit as next friend for Mr. Taylor, not herself. Thus, Plaintiff's objections to the R&R do not suffice, regardless of whether her claims of interception of her mail have any merit. Accordingly, the Court denies her fifth motion.

In her sixth motion, Plaintiff demands that the U.S. Marshals Service find Mr. Taylor and serve him with the documents in this case and his medical records "to bypass this local 'Good Old Boy' interference" by Defendants. Because Plaintiff has no standing to bring this suit, this demand is improper. In addition, she demands this Court override the no contact order from the Arkansas case. As previously discussed concerning her third motion, this demand is also improper. Accordingly, the Court denies Plaintiff's sixth motion.

Finally, in her seventh motion, Plaintiff provides notice to the Court that she is supporting a Kansas Senate Bill, more information about her allegation of mail fraud, and other allegations of forged signatures, witness intimidation, and improper labeling of her as a victim by Leavenworth County officials. She also demands production of evidence, "monetary competency," and punitive damages. Of note, she recognizes that she has no legal standing to speak on Mr. Taylor's behalf. As it has in her previous six motions, her lack of standing to sue as Mr. Taylor's "next friend" in this case also dooms her seventh motion. Accordingly, the Court denies Plaintiff's seventh motion.

---

[16] Doc. 33.

[17] *Id.* at 1.

### B. Filing Restrictions

The Court is well within its authority to impose filing restrictions under certain circumstances on litigants who abuse the judicial process.[18] The following five factors are relevant when determining whether to impose filing restrictions:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[19]

As to the first factor, the Court notes that Plaintiff does not have a history of filing duplicative lawsuits in the District of Kansas. But since the Court's dismissal, she has filed seven meritless motions within the short span of three months. Since the beginning of this case, Plaintiff has filed numerous notices, emergency notices, emergency motions, and exhibits in quick succession, putting a strain on the Court's resources. For example, between April 8–9, 2026, Plaintiff filed eight documents alone. Based on Plaintiff's historical and present filings, the Court concludes that the first factor weighs in favor of filing restrictions.

The second factor also favors filing restrictions. Plaintiff may have once had a good faith expectation of prevailing in this litigation, but that expectation vanished upon the Court's dismissal of her case for lack of standing and her express recognition of her lack of standing in her eighth motion. As such, Plaintiff's filings which seek relief based on arguments she has no standing to assert are frivolous.

---

[18] *Werner v. Utah*, 32 F.3d 1446, 1147–48 (10th Cir. 1994).

[19] *United States v. Kettler*, 1991 WL 94457, at *6 (10th Cir. June 3, 1991) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

As for the third factor, Plaintiff is not represented by counsel who might assist her in discerning cognizable claims from frivolous, harassing motions. Thus, the third factor favors filing restrictions.

Factors one through three cumulate into the fourth. With each filing by Plaintiff, and the Court is obligated to review the arguments presented and the nonsensical attached exhibits. This has imposed an unnecessary burden on the Court. As such, the fourth factor weighs in favor of filing restrictions.

Finally, under the fifth factor, Plaintiff "has already endured the ultimate sanction—dismissal of [her] case."[20] Nonetheless, she continues to file consecutive frivolous motions following dismissal, despite her express recognition that she lacks standing to do so. It seems no other sanction would adequately protect the Court and other parties; thus, the fifth factor weighs in favor of filing restrictions.

In light of these factors, the Court finds that Plaintiff is likely to continue to abuse the judicial process and that it is appropriate to impose limited filing restrictions on Plaintiff. Because the Court imposes these restrictions sua sponte, the Court permits Plaintiff an opportunity to file objections to the restrictions. It is this Court's typical practice to set a 14-day deadline for a pro se plaintiff to file written objections.[21] Given the mail issues Plaintiff has reported, the Court extends this deadline to 45 days for Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's "Emergency Motion" (Doc. 24) is **DENIED.**

---

[20] *Jaiyeola v. Garmin Int'l, Inc.*, 2022 WL 15432272, at *2–3 (D. Kan. Oct. 27, 2022).

[21] *See*, *e.g.*, *Lynn v. Lundry*, 2020 WL 2306846, at *4 (D. Kan. May 8, 2020).

**IT IS FURTHER ORDERED** that Plaintiff's "Emergency Motion" (Doc. 25) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Amend/Vacate No Contact Order" (Doc. 27) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Emergency Motion" (Doc. 28) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Reopen Case" (Doc. 29) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Service by U.S. Marshals" (Doc. 34) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Amended Emergency Omnibus Motion" (Doc. 35) is **DENIED.**

**IT IS FURTHER ORDERED** that if Plaintiff wishes to submit future filings in the instant case, District of Kansas case no. 26-cv-4017, she must comply with the following injunction:

1. The Clerk shall not accept or file any pro se submissions, motions, filings, pleadings, or other documents from Plaintiff in District of Kansas case no. 26-cv-4017, without the express authorization of a judge of this Court.

2. Plaintiff shall mail or otherwise deliver her submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the motion or other filings is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or deny it.

Failure to follow these procedures will result in summary rejection of the proposed filing.

Plaintiff may file objections in writing to the Court's Order issuing the above filing restrictions by no later than 45 days after receipt of this Order. If Plaintiff files no objections, the restrictions will be effective without further order of the Court.

**IT IS SO ORDERED.**

Dated this 18th day of August, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE